E-FILED
Tuesday, 16 July, 2019 04:44:33 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL LEE PARKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 19-2071-MMM |
| | ) |
| LT. LISA WHITE, et al., | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and currently incarcerated at the Dixon Correctional Center, pursues a § 1983 action alleging deliberate indifference, excessive force and unconstitutional conditions of confinement at the Coles County Jail ("Jail"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

On March 25, 2019, Plaintiff filed a complaint against four officers of the Coles County Jail in Charleston, Illinois. Plaintiff alleges a variety of misconduct which occurred from December 23, 2016, to August 10, 2017. Plaintiff makes a variety of generalized claims, without

1

identifying whom he holds responsible for the infractions. He alleges that during this time he was not provided mental health treatment, he did not have a working toilet, he slept on the floor for a prolonged period of time, that "medical" let him bleed from a cut on his forehead, and that he could only shower once per week. Plaintiff also alleges that Defendant White would not allow him contact with his family, not indicating the date on which this occurred. He alleges that Defendant Beadles applied handcuffs which were too tight, again not identifying the date. Plaintiff also claims, without identifying the timeframe, that Defendant Kastle refused him basic needs such as water bathroom and healthcare attention. He makes the additional claim that "all Defendants" placed an ankle bracelet on him and threatened to deliver a 100,000 volt charge if he attempted to interfere with it.

As Plaintiff was a pretrial detainee during the events at issue, his claims are reviewed under the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Darnell v. Pineiro*, 849 F.3d 17 (2nd Cir. 2017). Under the Fourteenth Amendment standard, a pretrial detainee need establish that the defendant's conduct was objectively unreasonable, not that defendant was subjectively aware that it was unreasonable. *Miranda v. County of Lake*, 900 F.3d 335, 2018 WL 3796482, at *9 (7th Cir. 2018). Here, however, many of Plaintiff's claims are too vague and general to put any defendant on notice of the claims against him. *See McIntosh v. Wexford Health Sources, Inc.*, 2017 WL 1067782, at *5 (S.D.Ill. March 21, 2017) ("plaintiff must make allegations that associate specific defendants with specific claims, so the defendants are put on notice of the claims brought against them and so they can properly answer the complaint.")

While Plaintiff has made more specific complaints against Defendants White, Beadles and Kastle, he does not plead when the alleged events occurred and reveals that some of his

claims go back to December 23, 2016, outside the applicable statute of limitations. *See Draper v. Martin,* 664 F.3d 1110, 1113 (7th Cir. 2011) ("[i]n Illinois, the statute of limitations period for § 1983 claims is two years, 735 ILCS 5/13-201"). "[A] court may dismiss a claim as time–barred if the complaint sets forth the necessary information to show that the statute of limitations has expired. *Davenport v. Dovgin*, 545 Fed.Appx. 535, 538 (7th Cir. 2013).

Furthermore, Plaintiff is attempting to mis-join unrelated claims against different individuals in one complaint. "[D]efendants are properly joined in a single action only if they are parties to a single transaction or occurrence common to all defendants, and the claims against them involve a common question of fact or law." *Ghashiyah v. Frank*, No. 05-0766, 2008 WL 680203, at *2 (E.D. Wis. Mar. 10, 2008). *See also, George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007), "[u]nrelated claims against different defendants belong in different suits." In other words, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."

Plaintiff's complaint is dismissed, though he will be given an opportunity, within 30 days, to file an amended complaint consistent with the instructions in this order. Plaintiff is particularly placed on notice that he is to identify when the alleged misconduct occurred and the particular Defendants whom he holds responsible.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 30 days from the entry of this order in which to replead his claims. The pleading is to be captioned Amended Complaint and is to include all of Plaintiff's claims without reference to a prior pleading. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

2. Plaintiff files [5] a motion for recruitment of *pro bono* counsel, indicating only that he contacted the offices of one prospective attorney and has not heard back. The Court finds this insufficient to establish that Plaintiff made a reasonable effort to secure counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). [5] is DENIED. In the event that Plaintiff renews his motion for appointment of counsel, he is to provide copies of the letters sent to, and received from, prospective counsel.

3. Plaintiff's motions for status [7] and [8] are rendered MOOT by this order.

7/16/2019

ENTERED:

s/Michael M. Mihm

MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE